IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES A. LAUGHREY, )
)
         Petitioner, )
)
v. ) Case No. 23-3180-JWL
)
COMMANDANT, )
Midwest Joint Regional Correctional Facility, )
)
         Respondent. )
)
_____)

## **MEMORANDUM AND ORDER**

Petitioner, a military prisoner, filed a petition for habeas corpus under 28 U.S.C. § 2241, in which he claims that his court-martial lacked jurisdiction to convict and sentence him. For the reasons set forth below, the Court **denies** the petition.

### **I.**     **Background**

In 2016, petitioner was convicted in a court-martial, consistent with his guilty pleas, of multiple crimes including sexual abuse of a child. The United States Army Court of Criminal Appeals (ACCA) affirmed the convictions, and the United States Court of Appeals for the Armed Forces (CAAF) denied review of that decision. *See United States v. Laughrey*, 2018 WL 3243938 (Army Ct. Crim. App. July 2, 2018) (unpub. op.), *rev. denied*, 78 M.J. 174 (2018). Petitioner did not raise the issue of jurisdiction on direct appeal. Petitioner was released from his resulting confinement on parole, but he was confined again because of alleged parole violations.

Petitioner filed through counsel a petition and an amended petition for habeas relief under Section 2241 in the District Court for the District of Columbia. Following the revocation of petitioner's parole, the case was transferred to this Court, based on petitioner's confinement within this district at the United States Disciplinary Barracks at Fort Leavenworth. The Court then stayed the action pending the outcome of a petition for certiorari in *Larrabee v. Del Toro*, 45 F.4th 81 (D.C. Cir. 2022). After the Supreme Court denied that petition, *see* 144 S. Ct. 277 (2023), respondent submitted an answer, and petitioner submitted a traverse. The case is now ripe for ruling.

Petitioner claims that the military courts lacked jurisdiction over him for two reasons, both of which are based on his assertion that he had already been retired by operation of law at the time of his conviction. First, petitioner argues that the military courts did not acquire jurisdiction over him because a condition for a court-martial of a retired soldier was not satisfied. Second, petitioner claims that a retired service member is no longer a member of the "land and naval Forces" of the United States and thus does not fall within the "Make Rules Clause" of the Constitution, *see* U.S. Const. art. I, § 8, cl. 14; and that Congress therefore exceeded its constitutional authority to make rules governing such forces when it subjected retirees to the provisions of the Uniform Code of Military Justice (UCMJ), including the jurisdiction of the military courts, pursuant to 10 U.S.C. § 802(a)(4). In arguing this second basis, petitioner relies in particular on the decision by the District Court for the District of Columbia in *Larrabee v. Braithwaite*, 502 F. Supp. 3d 322 (D.D.C. 2020), *rev'd sub nom. Larrabee v. Del Toro*, 45 F.4th 81 (D.C. Cir. 2022), *cert. den.*, 144 S. Ct. 277 (2023).

## II. Standard of Review and Exhaustion

The Court first addresses the governing standard of review. Respondent argues that application of the Tenth Circuit's *Dodson* test precludes this Court's consideration of the merits of petitioner's claim. The Court rejects this argument. As the Court recently explained in a similar case, the *Dodson* test does not apply to jurisdictional claims, and Tenth Circuit precedent is clear that the Court may consider the merits of such a claim. *See United States v. Wilson*, 2024 WL 1834379, at *1-2 (D. Kan. Apr. 26, 2024) (Lungstrum, J.) (citing, *inter alia*, *Fricke v. Secretary of Navy*, 509 F.3d 1287, 1289-90 (10th Cir. 2007)).

Respondent also argues as a preliminary matter that the Court may not review petitioner's claim because, as admitted in the petition, petitioner did not exhaust his military remedies by raising these claims of a lack of jurisdiction in the military courts. Respondent relies on the general rule that a failure to exhaust results in a waiver of the claim, unless cause and prejudice are shown. See *Roberts v. Callahan*, 321 F.3d 994, 995 (10th Cir. 2003). In reply, petitioner relies on a century-old case to argue that a jurisdictional issue cannot be waived. See *Givens v. Zerbst*, 255 U.S. 11, 19 (1921) ("so far as questions relating to their jurisdiction are concerned," judgments of courts-martial "are always open to collateral attack"). That case did not directly address the exhaustion requirement, however. *See id.*

In two cases cited by respondent, the Supreme Court acknowledged that the exhaustion requirement has not been applied without exception. In *Noyd v. Bond*, 395 U.S. 683 (1969), the Court prohibited the federal courts from ruling on a military prisoner's

3

claim while his military case was ongoing.  *See id.*  The Supreme Court noted, however, that in three previous cases – *United States ex rel. Toth v. Quarles*, 350 U.S. 11 (1955); *Reid v. Covert*, 354 U.S. 1 (1957); and *McElroy v. United States ex rel. Guagliardo*, 361 U.S. 281 (1960) – it had not required exhaustion of military remedies because it had not believed "that the expertise of military courts extended to the consideration of the constitutional claims of the type presented," and "it appeared especially unfair to require exhaustion of military remedies when the complainants raised substantial arguments denying the right of the military to try them at all."  *See Noyd*, 395 U.S. at 696 n.8.  Similarly, in *Schlesinger v. Councilman*, 420 U.S. 738 (1975), the Supreme Court noted that it had not required exhaustion in those three previous cases, in which the issue concerned the military courts' jurisdiction under Article I to interfere with the liberty of civilians and turned on "the status of the persons as to whom the military asserted its power."  *See id.* at 758-59 (citing, *inter alia*, *Noyd*, 395 U.S. at 696 n.8); *see also Hemphill v. Moseley*, 443 F.2d 322, 323 (10th Cir. 1971) (applying the exception recognized in *Noyd*).

With respect to petitioner's constitutional claim, the present case is sufficiently similar to *Toth*, *Covert*, and *Guagliardo* because the issue here – as it was in those cases – is whether petitioner was in the "land and naval Forces" at the relevant time, such that the military courts had jurisdiction over the petitioner.  *See Toth*, 350 U.S. at 13-23; *Covert*, 354 U.S. at 19-41; *Guagliardo*, 361 U.S. at 286-87.  Here, as in those cases, the question of the military courts' jurisdiction turns on the military status of the accused.  *See Solorio v. Unites States*, 483 U.S. 435, 439 (1987).  Moreover, in *Larrabee*, the central case on

4

which respondent relies, the D.C. Circuit relied in part on *Toth*, *Covert*, and *Guagliardo* in fashioning the test that this Court has adopted and applied in this case and in similar cases. *See Larrabee*, 45 F.4th at 89-91. Thus, the Court concludes that petitioner's constitutional claim falls within the specific exhaustion exception previously recognized by the Supreme Court, and it therefore rejects respondent's argument for dismissal of that claim on this basis.

The Court further concludes, however, that this specific exception would not excuse petitioner's failure to exhaust with respect to his claim that his court-martial was not properly convened because a condition in an Army regulation had not been satisfied. As noted above, the Supreme Court did not require exhaustion in the three cases because the issue involved whether a certain category of persons were subject to military jurisdiction and because the military courts' expertise did not necessarily extend to such a constitutional question. With respect to petitioner's non-constitutional claim, the issue does not similarly involve whether a class of persons is subject to military jurisdiction, and petitioner was not a mere civilian. More importantly, this issue of whether a court-martial was properly convened and whether a particular Army regulation applies or was satisfied falls squarely within the expertise of the military courts. Thus, this claim by petitioner does not fall within the specific exception to the exhaustion requirement that the Supreme Court recognized in *Noyd* and *Councilman*.

Petitioner has not identified any other exception that would apply here; nor has petitioner cited any authority suggesting that he need not have exhausted this particular non-constitutional claim. Petitioner has not argued that he can show the cause and

prejudice necessary for this Court's review of an unexhausted claim. Accordingly, the Court dismisses petitioner's non-constitutional claim on this basis of a failure to exhaust military remedies.[1]

### III.   Analysis of Petitioner's Constitutional Claim

Petitioner's claims depend on his assertion that he was retired from active duty. He relies on a letter dated February 10, 2015, in which the Army Deputy Chief of Staff notified him that he had been selected for mandatory early retirement under 10 U.S.C. § 638, with a mandatory retirement date of November 30, 2015, unless petitioner selected an earlier date. Petitioner argues that in light of that selection and Section 638's mandatory language, *See id.* § 638(b)(1)(A) (officer recommended for early retirement whose retirement is approved by the Secretary "shall be retired"), his retirement became effective at the latest on November 30, 2015.

Respondent argues that petitioner did not in fact become retired for a number of reasons, none of which is particularly compelling. First, respondent notes that Section 638

---

[1] In addition, petitioner has not shown that this claim has merit. Petitioner relies on the version of Army Reg. 27-10 in effect at the time, which required approval by the Judge Advocate General prior to the "referral of courts-martial charges against retired Soldiers." *See* Army Reg. 27-10, para. 5-2(b)(3) (2011). Petitioner argues that no such approval was obtained in his case. As respondent notes, however, the charges against petitioner were referred for court-martial well before petitioner's purported retirement. Petitioner insists that he was ultimately convicted by a different court-martial than the one to which the charges were referred, but the records reflect that charges against petitioner were referred and petitioner was arraigned prior to the alleged retirement date; and although the trial was delayed multiple times at petitioner's request, there is no indication that any referrals were made after the retirement date.

requires the approval of the particular Secretary; but the letter itself suggests that the retirement had already been approved. Second, respondent argues that the Army could not have approved the early retirement once charges had been filed against petitioner; but the regulation on which respondent relies does not appear to apply to retirements, *see* Army Reg. 600-8-24, para. 1-1, 1-18, and at any rate the letter to petitioner suggests that the Secretary had indeed approved the early retirement. Third, respondent argues that certain criteria had not been met here, but as the Court noted in a similar case (and as this same respondent argued in that case), those criteria do not apply to a retirement. *See Dillon v. Payne*, 2024 WL 1885504, at *2 (D. Kan. Apr. 30, 2024) (Lungstrum, J.). Fourth, respondent notes that petitioner stated at his plea inquiry that he was still on active duty; but, as discussed above, a claim of a lack of jurisdiction is not waived if not asserted in the military courts, and this particular issue was not addressed at the plea inquiry.[2]

Thus, respondent has not persuaded the Court that petitioner's retirement never became effective. The Court need not and does not decide that issue definitively, however, in light of its conclusion that the military courts did not lack jurisdiction over petitioner even if it is assumed that he was retired at any relevant time.[3]

As noted, petitioner claims that the exercise of court-martial jurisdiction over him as a retiree was unconstitutional because retirees are not part of the "land and naval Forces" of the United States and Congress therefore exceeded its authority under the Make Rules

---

[2] In addition, the Court does not defer to the military courts' own finding of jurisdiction. *See Larrabee*, 45 F.4th at 86 (citing cases).

[3] Thus, to be clear, this Court offers no opinion concerning whether petitioner is actually retired for any purpose relating to his status in the military.

Clause. In support of this argument, petitioner notes that this Court is not bound by the D.C. Circuit's opinion in *Larrabee*, in which that court concluded that Marine Fleet Reservists are subject to court-martial jurisdiction; and he argues in fairly summary fashion that the contrary opinions in *Larrabee* by the district court and the dissenting judge on the D.C. Circuit are more persuasive than the D.C. Circuit majority opinion. The Court has concluded, however, for the reasons set forth in a recent similar case, that the Tenth Circuit would follow the reasoning of the D.C. Circuit in *Larrabee* and would hold that the military courts' exercise of jurisdiction over retirees is not unconstitutional. *See United States v. Wilson*, 2024 WL 1834379, at *2-7 (D. Kan. Apr. 26, 2024) (Lungstrum, J.). Accordingly, the Court denies petitioner's constitutional claim for habeas relief under Section 2241.

IT IS THEREFFORE ORDERED BY THE COURT THAT the petition for habeas corpus relief under 28 U.S.C. § 2241 is hereby **denied**.

IT IS SO ORDERED.

Dated this 1st day of May, 2024, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge